IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BRET O. WHIPPLE, BAR NO. 6168.

No. 82963

FILED

SEP 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Bret O. Whipple. Under the agreement, Whipple admitted to violating RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 8.1 (disciplinary matters). He agreed to a one-year suspension stayed for 18 months subject to certain conditions.

Whipple has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that he violated the above-listed rules by failing to keep accurate client ledgers or accounting records; failing to supervise an employee resulting in the misappropriation of $110,000 of client funds; commingling personal, business, and client funds in his accounts; permitting a nonlawyer employee to negotiate a contract settlement on behalf of a client; and failing to timely provide the State Bar with records upon request. The record also demonstrates that to the best of his knowledge, Whipple has repaid all the missing client funds.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the

21-26941

appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Whipple admitted to knowingly violating duties owed to his clients (safekeeping property) and the profession (disciplinary matters). His clients were injured or potentially injured when their funds were misappropriated. The baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) (providing that suspension is appropriate "when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"); Standard 7.2 (explaining that suspension is appropriate "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports the panel's findings of four aggravating circumstances (prior discipline, pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and four mitigating circumstances (character and reputation, good faith effort to make restitution, acceptance of responsibility, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Brett O. Whipple from the practice of law for one year from the date of this order, stayed for 18 months subject to the conditions outlined in the conditional guilty plea agreement. Those conditions include the requirement that Whipple retain a CPA to manage his trust account and conduct a forensic audit of his trust

accounts. Within 30 days of the audit report, Whipple shall pay restitution to all clients owed funds as identified in the forensic audit. During the stayed suspension, the CPA will provide the State Bar quarterly reports regarding Whipple's trust account and Whipple shall provide any additional documents requested by the State Bar, within 15 days of the request. Whipple shall also complete, in addition to his annual requirement, 10 CLE credits on RPC 5.3 or supervision of nonlawyer assistants, 10 CLE credits on trust account management, and 6 CLE credits on RPC 8.1 or the duty to respond to the State Bar's inquiries. Lastly, Whipple shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                                      Gibbons

cc:    Chair, Southern Nevada Disciplinary Board
       Lipson Neilson P.C.
       Michael J. Warhola, LLC
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.